2011 UT App 203

**AMERICAN FORK CITY, Plaintiff and Appellee,**

v.

**David M. SMITH, Defendant and Appellant.**

**No. 20100736–CA.**

Court of Appeals of Utah.

June 23, 2011.

David M. Smith, Lindon, Appellant Pro Se.

James Hansen and Timothy G. Merrill, Pleasant Grove, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## DECISION

PER CURIAM:

¶ 1 David M. Smith appeals from his conviction of electronic communication harassment, a class B misdemeanor. Smith asserts various constitutional issues to challenge his conviction. We affirm.

¶ 2 Smith first asserts that Utah Code section 76–9–201 is unconstitutional because it is overbroad and vague, and therefore violates the First Amendment of the United States Constitution. Although Smith argued to the jury that his vile speech directed at his ex-wife was protected under the First Amendment, he did not raise a challenge to the constitutionality of the statute before the trial court. Generally, "claims not raised before the trial court may not be raised on appeal." *State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. To preserve an issue, the issue must be raised before the trial court in a timely fashion, must be specifically raised, and must be supported by the party through evidence or legal authority. *See O'Dea v. Olea*, 2009 UT 46, ¶ 18, 217 P.3d 704. "[T]he preservation rule applies to every claim, including constitutional questions, unless a defendant can demonstrate that 'exceptional circumstances' exist or 'plain error' occurred." *Holgate*, 2000 UT 74, ¶ 11, 10

P.3d 346. Smith has not asserted plain error or exceptional circumstances and did not seek a ruling on the constitutionality of the statute below. Accordingly, this claim is not properly before this court.[1]

¶ 3 Likewise, Smith's assertion that obtaining his phone records violated his rights under the Third Amendment is also not appropriately before this court. He asserts this issue for the first time on appeal; accordingly, we decline to address it. *See id.*

¶ 4 Smith also asserts that his phone records were obtained in violation of his Fourth Amendment rights to be free of unreasonable searches and seizures. However, he has no legitimate protectable interest in phone records of the numbers called. *See Smith v. Maryland,* 442 U.S. 735, 742, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979). The Supreme Court in *Smith v. Maryland,* 442 U.S. 735, 742, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979), held that there was no legitimate expectation of privacy regarding phone numbers dialed and, accordingly, there was no Fourth Amendment interest in such phone records. *See id.* Absent a Fourth Amendment interest, "this case is governed by the general rule that the issuance of a subpoena to a third party to obtain the records of that party does not violate the rights of a defendant, even if a criminal prosecution is contemplated at the time the subpoena is issued." *United States v. Miller,* 425 U.S. 435, 444, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976).

¶ 5 Smith also asserts that his Second Amendment rights are violated by a firearms restriction associated with his conviction and that he was denied his right to a speedy trial. Neither of these issues are adequately briefed to permit this court to reach them. It is well-settled that appellate courts "will not address arguments that are not adequately briefed." *Hess v. Canberra Dev. Co.,* 2011 UT 22, ¶ 25, 254 P.3d 161. To be adequate, an argument must contain

meaningful legal analysis, which requires more than just bald citation to authority, and must include reasoned analysis based on that authority. *See id.* Smith's arguments on these issues are mere conclusory allegations of harm and indignation. He does not develop any reasoned argument, nor does he support his assertions with any legal authority. This court is not "a depository in which the appealing party may dump the burden of argument and research." *State v. Jaeger,* 1999 UT 1, ¶ 31, 973 P.2d 404. Because Smith has failed to adequately brief these arguments, we do not address them.

¶ 6 Affirmed.

---

1. Furthermore, the statute in its current form has been held to be constitutional in *Provo City v. Thompson,* 2002 UT App 63, 44 P.3d 828, *aff'd in part, rev'd in part,* 2004 UT 14, 86 P.3d 735 (reversing the court of appeals' determination that a separate provision was unconstitutional). In *Thompson,* this court specifically held that the unwanted call provision, most relevant here

where Smith continued to call or message frequently after being told to stop, was constitutional. " 'The right of free speech is guaranteed every citizen that he may reach the minds of *willing* listeners.' ... Clearly, there is no right to audibly invade another's home ... when she has affirmatively expressed a desire to be left alone." *Id.* ¶ 24 (citation omitted).